**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENEVIEVE C. NICOLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-1365 |
| | ) | |
| MUSICIANS' ASSOCIATION OF SAINT LOUIS, LOCAL 2-197, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

COMES NOW Defendant Musicians' Association of Saint Louis, Local 2-197, by and through counsel, and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446, from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri, and as grounds for this Notice, states as follows:

**A. The State Court Action**

1. Plaintiff Genevieve Nicolay filed her petition for damages on June 25, 2026, in the Circuit Court of the City of St. Louis, Missouri. The case is there docketed as Case No. 2622-CC02552 ("State Court Lawsuit").

2. A true and complete copy of the state court file, including all pleadings and papers that have been filed and served on Defendant Musicians' Association of Saint Louis, Local 2-197, is attached hereto as Exhibit A.

3. Plaintiff alleges in Count 1 that Defendant discriminated against her based on her sex in violation of Title VII by allegedly terminating her employment, denying reinstatement, and denying benefits and unpaid vacation time, as well as allegedly creating a hostile work environment. (Ex. A, ¶¶ 64-68). Count 4 alleges that Defendant retaliated against Plaintiff in violation of Title VII by allegedly terminating her employment and denying benefits and reinstatement after she allegedly engaged in protected activity. (*Id.*, ¶¶ 87-89).

4. In Count 2, Plaintiff alleges that Defendant discriminated against her based on her age in violation of the Age Discrimination in Employment Act ("ADEA") by allegedly terminating her employment, denying reinstatement, and denying benefits and unpaid vacation time, as well as allegedly creating a hostile work environment. (*Id.*, ¶¶ 75-76). In Count 5, Plaintiff alleges that Defendant retaliated against her in violation of the ADEA by allegedly terminating her employment and denying benefits and reinstatement after she allegedly engaged in protected activity. (*Id.*, ¶¶ 93-95).

5. In Count 3, Plaintiff alleges that Defendant discriminated against her under the Missouri Human Rights Act ("MHRA") based on the same sex- and age-discrimination allegations as above. (*Id.*, ¶¶ 82-83). In Count 6, Plaintiff alleges that Defendant retaliated against her in violation of the MHRA for the same factual reasons as above. (*Id.*, ¶¶ 99-101).

6. In Count 7, Plaintiff alleges Defendant retaliated against her in violation of the Missouri Whistleblower's Protection Act ("WPA") by allegedly terminating her employment and denying benefits after she allegedly engaged in activity protected under that Act. (*Id.*, ¶¶ 106-09).

7. In Count 8, Plaintiff alleges that Defendant defamed her by allegedly publishing false statements about her in the union newsletter. (*Id.*, ¶¶ 114-20).

**B. Timeliness of Removal**

8. Plaintiff served Defendant with a summons and a copy of the State Court Lawsuit on July 28, 2026.

9. Defendant is timely filing this Notice of Removal within thirty days of service of the summons and petition, in accordance with 28 U.S.C. § 1446(b).

**C. Venue**

11. Venue is proper in the United States District Court for the Eastern District of Missouri (Eastern Division) because the territorial jurisdiction of this Court includes the Circuit Court of the City of St. Louis, Missouri, in which Plaintiff filed his petition. *See* 28 U.S.C. §§ 105(b)(4), 1441(a).

**D. Compliance with Procedural Requirements**

12. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file notice and a copy of this Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, Missouri, and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

13. A Civil Cover Sheet is filed concurrently herewith.

14. No previous application for the relief sought herein has previously been made.

15. Defendant reserves any and all defenses to the claims alleged by Plaintiff.

**E. Removal Jurisdiction**

16. This case is properly removed to this Court pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331, 1337, and 1441.

17. When a cause of action arises under federal law, a District Court may properly exercise its jurisdiction regardless of citizenship of the parties. 28 U.S.C. § 1331.

18. Plaintiff has brought discrimination and retaliation claims under both Title VII and the ADEA: Plaintiff's right to relief is therefore directly tied to disputed federal questions, and federal questions are therefore presented on the face of the petition. *See Pet Quarters, Inc. v. Depository Trst. & Cleaning Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

19. Accordingly, this Court has jurisdiction over the present case. *See* 28 U.S.C. § 1331; *Pet Quarters*, 559 F.3d at 779 ("If even one claim in the complaint involves a substantial federal question, the entire matter may be removed.").

**F. Supplemental Jurisdiction**

20. This Court has supplemental jurisdiction over the remaining Counts of Plaintiff's petition, because these claims are so related to form "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Counts 3 and 6 allege violations of the MHRA, based on identical facts to Counts 1, 2, 4, and 5. These claims are so related that Plaintiff would be expected to try them in a single judicial proceeding. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Count 7, alleging a violation of the WPA, and Count 8, alleging a violation of Missouri common-law defamation, both arise out of the "common nucleus of operative fact," and therefore supplemental jurisdiction by this Court is proper. *See Hunter v. Page Cnty, Iowa*, 102 F.4th 853, 868-869 (8th Cir. 2024) (quoting *Gibbs*, 383 U.S. at 725).

**G. Conclusion**

21. For the foregoing reasons, removal of this case is proper under 28 U.S.C. §§ 1331, 1337. 1367, 1441, and 1446.

WHEREFORE, having fulfilled all statutory requirements, Defendant Musicians' Association of St. Louis, Local 2-197 removes the above-captioned matter to this Court from

the Circuit Court of the City of St. Louis, Missouri, and requests the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,

/s/ *Loretta K. Haggard*
Loretta K. Haggard (#38737MO)
SCHUCHAT, COOK & WERNER
555 Washington Ave., Suite 520
St. Louis, MO 63101
Phone: (314) 621-2626
Fax: (314) 621-2378
lkh@scwattorney.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I, Loretta Haggard, an attorney, do hereby certify that on August 27, 2026, I served a copy of the foregoing Notice of Removal by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, and by emailing the same to Plaintiff's Counsel, Christa Huelskamp at christa@straight-talk-legal.com.

/s/ *Loretta K. Haggard*